# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>    Petitioner,<br><br>    v.<br><br>FEDERAL CONGRESS MEMBER ENFORCEMENT OF PLRA, et. al.,<br><br>    Respondents. | CV F   05-1112 REC SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner contends that the Prison Litigation Reform Act ("PLRA") is preventing him from filing a complaint to redress his grievances against state officials. Petitioner further contends that the United States Eastern District Court Judges are precluding him from filing a complaint pursuant to the PLRA. In essence, Petitioner is challenging the "three strikes" provision of section 1915(g) of Title 28 of the United States Code.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition does not challenge the constitutionality of Petitioner's custody and is therefore not cognizable pursuant to § 2241.

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the full prepayment of costs and fees. 28 U.S.C. § 1915(a)(2). The PLRA,

however, amended Section 1915 to preclude the privilege of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id.  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

Further, Section 1915(g) has been held to be constitutional.  "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1.  Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury."[1]  See 28 U.S.C. § 1915(g).  The dismissal of the action does not affect Petitioner's substantive rights, nor does it block his access to the courts.  The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."  Thus, Petitioner may still pursue any claim after three qualifying dismissals but must do so without the

---

[1] The Court takes judicial notice of the fact that Petitioner has been declared to have suffered three qualifying strikes and is precluded from proceeding in forma pauperis. See Thomas v. Galaza, CV-F-00-5345-AWI-LJO-P (dismissed for failure to state a claim and/or as frivolous on June 26, 2000); Thomas v. Kim, CV-F-99-6553-AWI-HGB-P (dismissed for failure to state a claim on August 29, 2000); and Thomas v. Galaza, CV-F-00-5348-OWW-LJO-P (dismissed for failure to state a claim on November 14, 2000).

2

1  assistance of the in forma pauperis procedures.

2      Moreover, Congress and Judicial Officers are entitled to immunity from suit.  The federal
3  constitution grants legislative immunity explicitly to Congress.  <u>Tenney v. Brandhove</u>, 341 U.S.
4  367, 372-373 (1951).  Judges are absolutely immune from damage liability for acts performed in
5  their official capacities.  <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (citing
6  <u>Bradley v. Fisher</u>, 20 L.Ed 646 (1872); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).

7  <u>RECOMMENDATION</u>

8      Based on the foregoing, it is HEREBY RECOMMENDED that:

9      1.    The instant petition for writ of habeas corpus be DISMISSED; and

10      2.    The Clerk of Court be directed to enter judgment.

11      These Findings and Recommendations are submitted to the assigned United States
12  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
13  304 of the Local Rules of Practice for the United States District Court, Eastern District of
14  California.  Within thirty (30) days after being served with a copy, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
17  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
18  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
19  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
20  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
21  F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:  November 9, 2005**        /s/ Sandra M. Snyder
    icido3                             UNITED STATES MAGISTRATE JUDGE